FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2018 APR 30 AM 11: 13

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| RICHARD THOMPSON, | ) | No. 76653-8-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| STEVEN T. LYNCH | ) | |
| Appellant, | ) | |
| and | ) | |
| DOES 1 through 30, | ) | FILED: April 30, 2018 |
| Defendants. | ) | |

TRICKEY, J. — Richard Thompson sued Steven Lynch for breach of contract. The trial court found in Thompson's favor, and Lynch appeals. Because Lynch submitted an incomplete record and violated the Rules of Appellate Procedure (RAP), we affirm.

## FACTS

Lynch and Thompson were business partners who signed agreements[1] to restructure and transfer ownership of their businesses. Thompson subsequently sued for breach of contract. Following a bench trial, the trial court found that Lynch had been overpaid and had failed to comply with the terms of the agreements.

---

[1] The parties signed two agreements, the "SHAREHOLDER AGREEMENT (BUY-SELL AGREEMENT)" and the "ACTION BY UNANIMOUS CONSENT OF SHAREHOLDERS." Clerk's Papers (CP) at 10-16, 19-22.

Lynch was ordered to reimburse Thompson for the excess payment and transfer ownership as agreed.

Lynch appeals.

## ANALYSIS

Lynch argues that the trial court erred in many of the findings of fact. But Lynch has provided an incomplete record for review on appeal. Specifically, he failed to designate the testimony and evidence from the bench trial, as required by RAP 9.2(b).

The incomplete record compromises the ability of the appellate court to review the trial court's findings of fact for substantial evidence. In re Custody of A.F.J., 161 Wn. App. 803, 806 n.2, 260 P.3d 889 (2011), aff'd, 179 Wn.2d 179, 314 P.3d 373 (2013). Furthermore, when an appellant fails to designate a complete record for review,[2] the trial court's findings are treated as verities on appeal. See A.F.J., 161 Wn. App. at 806 n.2; Happy Bunch, LLC v. Grandview N., LLC, 142 Wn. App. 81, 90, 173 P.3d 959 (2007).

Here, Lynch only provided the trial court's oral ruling, failing to designate the three days of trial testimony. As a result of the incomplete record before us,

_____

[2] Lynch contends that a full transcript was not required for de novo review of a document based contract dispute. Lynch has challenged 33 of the trial court's 51 findings of fact. Findings of fact are reviewed for substantial evidence. Sunnyside Valley Irr. Dist. v. Dickie, 149 Wn.2d 873, 879, 73 P.3d 369 (2003). Therefore, Lynch's challenges to the trial court's findings of fact are subject to review for substantial evidence, rather than de novo review.

Lynch also argues that he submitted a statement of arrangements designating a partial transcript and, therefore, Thompson could have ordered the additional reports of proceedings if desired. "The party presenting an issue for review has the burden of providing an adequate record to establish such error." State v. Sisouvanh, 175 Wn.2d 607, 619, 290 P.3d 942 (2012); see RAP 9.2(b). Thus, Lynch had the burden of providing the reports of proceedings necessary to review his alleged errors, and Thompson was not required to order additional records.

the trial court's findings of fact are verities on appeal. Therefore, Lynch's factual arguments have no merit.

Lynch also assigns errors to several of the trial court's conclusions of law. But Lynch fails to make legal arguments in support of these challenges as required by RAP 10.3(a)(6). Without citations to authority and reasoned legal argument, these claims are insufficient to merit judicial consideration. Joy v. Dep't of Labor & Indus., 170 Wn. App. 614, 629, 285 P.3d 187 (2012). Therefore, we decline to reach the merits of Lynch's challenges to the trial court's conclusions of law.

Thompson requests his reasonable attorney fees and costs on appeal under the terms of the shareholder agreement between the parties. The trial court determined that Thompson was the prevailing party and entitled to attorney fees under the terms of the shareholder agreement. Thompson is again the prevailing party because Lynch has not raised meritorious arguments on appeal. We award Thompson his reasonable attorney fees and costs on appeal.

Affirmed.

Trickey, J

WE CONCUR:

Spearman, J.                    Becker, J.